David Martinez, Bar No. 193183
DMartinez@rkmc.com
Daniel G. Stone, Bar No. 265397
DGStone@rkmc.com
ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
2049 Century Park East, Suite 3400
Los Angeles, CA  90067-3208
Telephone:   (310) 552-0130
Facsimile:    (310) 229-5800

Attorneys for Defendants
FOREVER 21, INC. and
FOREVER 21 RETAIL, INC.

# UNITED STATES DISTRICT COURT

# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| FELT HILDY, LLC., a New York Limited Liability Company, individually and doing business as "FERAL CHILDE," <br><br>Plaintiff, <br><br>v. <br><br>FOREVER 21, INC., a California Corporation; FOREVER 21 RETAIL, INC.; a California Corporation; JUMP CLOTHING, INC., a California Corporation; BNA TEXTILE, INC., a California Corporation; and DOES 1-10, <br><br>Defendants. | Case No. CV 11-05819 SVW (FFMx) <br><br>**FOREVER 21'S REPLY IN SUPPORT OF MOTION FOR PROTECTIVE ORDER WITH RESPECT TO THE DEPOSITION OF MRS. JIN SOOK CHANG** <br><br>**DISCOVERY MATTER** <br><br>Date:           January 3, 2012 <br>Time:          10:00 a.m. <br>Courtroom: E <br><br>Discovery Cut-off:   None Set <br>Pre-Trial Conf.:       May 7, 2012 <br>Trial Date:              May 12, 2012 <br><br>[Supporting Declaration of Jin Sook Chang and Supplemental Declaration of David Martinez and Request for Judicial Notice filed concurrently herewith] |

Defendants Forever 21, Inc. and Forever 21 Retail, Inc. (collectively "Forever 21") hereby respectfully submit their Reply in Support of Motion for Protective Order with Respect to the Deposition of Mrs. Jin Sook Chang, as follows:

60542396.1

REPLY IN SUPPORT OF MOTION
FOR A PROTECTIVE ORDER

# TABLE OF CONTENTS

Page

I.   INTRODUCTION ...................................................................................... 1

II.  ARGUMENT ............................................................................................. 1

   A.   The Wealth of Authority Requires a Showing That Mrs. Chang Has Unique Knowledge Not Obtainable From Less Intrusive Sources ............................................................................................ 1

   B.   Mrs. Chang Has No Unique Knowledge Not Obtainable From Other Less Intrusive Sources ................................................................. 2

   C.   Plaintiff's Continued Refusal To Conduct Predicate Discovery Regarding Mrs. Chang Evinces Its Improper Motive ........................... 3

   D.   Hildy's "Business Model" Argument Is Baseless and Irrelevant ......... 4

   E.   The *Express* and *Anthropology* Cases Are Irrelevant ......................... 4

   F.   Plaintiff Misstates The Standard For A Protective Order; and In Any Event, The Burden On Mrs. Chang and Forever 21 Is Palpable ................................................................................................ 5

## I. INTRODUCTION

According to Plaintiff, Mrs. Jin Sook Chang, the co-founder and co-owner of a $ 2.6 billion a year retailer with over 480 stores and 28,000 employees (Chang Decl., at ¶ 2) should be forced to appear for deposition each and every time Forever 21 is in litigation, even where:

1. She is not a party to the litigation;
2. No allegations are asserted against her;
3. She has no "unique personal knowledge" of information relevant to the issues in the proceeding that cannot be obtained through a less burdensome source or method;
4. Plaintiff refuses to undertake specific predicate discovery before forcing her deposition;
5. Plaintiff does not (and cannot) assert any claim for statutory damages or attorneys' fees for which supposed evidence of willfulness might be relevant; and
6. Plaintiff's only apparent motivation is to harass and annoy in an attempt to create settlement value under threat of deposition.

On this record, the great wealth of cases that Forever 21 has cited (and which Plaintiff completely ignores), require the issuance of a protective order.

## II. ARGUMENT

### A. The Wealth of Authority Requires a Showing That Mrs. Chang Has Unique Knowledge Not Obtainable From Less Intrusive Sources

Forever 21 cites to eleven (11) district court decisions in the Ninth Circuit and nine (9) in other Circuits granting motions for protective orders under analogous circumstances. *See* JS, at pgs. 9-14. These decisions hold that a protective order precluding an Apex deposition should issue unless the proposed deponent: (1) has unique, first hand, non-repetitive knowledge; and (2) the party seeking the deposition has exhausted other less intrusive discovery methods ("Apex Rule"). *Id.*

Plaintiff simply ignores these cases and instead relies on *Mansourian v. Bd. of Regents*, 2007 U.S. Dist. LEXIS 95428 (E.D. Cal. Dec. 21, 2007) to argue that it need not meet the Apex Rule. *Mansourian* is inconsistent with the weight of authority and factually inapposite. Indeed, the *Mansourian* deponent "had direct, personal knowledge of the facts relevant to this action," as reflected by prior sworn testimony that, inter alia, he was personally "responsible for certifying … compliance with Title IX." *Id.*, at * 11. Moreover, even *Mansourian*

> [D]id not "wholly reject" the burden-shifting approach and noted "it may indeed be appropriate where a party truly seeks to depose a high ranking executive official … for no purpose other than harassment." In this instance, Defendant Merck claims the deposition of Clark was noticed for an improper purpose, namely harassment. As such, the burden-shifting approach provides guidance to this Court.

*See Abarca v. Merck & Co., Inc.*, 2009 U.S. Dist. Lexis 71300 (E.D. Cal. Aug. 3, 2009).

Plaintiff's other cases are also consistent with the Apex Rule. In *Lexington*, the court applied the Apex Rule and noted that the deponents were not true "Apex" witnesses, and significant predicate depositions showed they had "unique, non-duplicative knowledge." *Id.*, at *19. In *DR Systems*, the Court applied the Apex Rule to preclude the deposition of defendant CEO, while allowing the deposition of the plaintiff's board member based on his "unique personal knowledge." *Id.*, *3-6. In *Blankenship*, a newspaper publisher had information "that others did not." *Id.*, at 429. In *Grateful Dead*, a clear outlier, the court denied a motion to shorten time stating, in *dicta*, that the underlying motion did not appear meritorious. *Id.* at *6-8. Finally, both *Philips* (at 1211) and *Beckman* (at 471) addressed public access to sealed documents, not the Apex Rule.

**B.    Mrs. Chang Has No Unique Knowledge Not Obtainable From Other Less Intrusive Sources**

Mr. and Mrs. Chang are Forever 21. For her part, Mrs. Chang is involved in the high-level supervision of many of Forever 21 corporate activities and is

60542396.1     - 2 -     REPLY IN SUPPORT OF MOTION FOR A PROTECTIVE ORDER

1  responsible for developing Forever 21 and its business.  Chang Decl., at pg. ¶ 2-4.
2  Her role with Forever 21's buying department is in a high-level management
3  capacity.  *Id.*  While Mrs. Chang signed off on the purchase price and color of an
4  accused design, she does not have unique knowledge as to the garments at issue in
5  this litigation, nor the vast majority of the thousands of garments handled by
6  Forever 21's buying department each month.  *Id.; cf. Abarca*, *supra*, 2009 U.S. Dist.
7  Lexis 71300 (prohibiting deposition of Merck's chief executive even though three
8  documents were "originated by or directed to" the executive).[1]  As in these cases, a
9  Protective Order should issue in this case.

        **C.**     **Plaintiff's Continued Refusal To Conduct Predicate Discovery Regarding Mrs. Chang Evinces Its Improper Motive**

12         On December 14, 2011, Forever 21 made available for deposition Ms. Ann
13  Cadier-Kim, Forever 21's CFO for the last 10 years.  *See* Supp. Martinez Decl, at ¶2.
14  Plaintiff did not ask a single question regarding Mr. Chang.  *Id.*  Forever 21 offered
15  to produce another PMK witness (who was unavailable on December 14th) as early
16  as January 2, 2012 but Plaintiff instead opted to complete the deposition on
17  January 6th.  *Id.* at ¶3.  Plaintiff also continued the deposition of defendant Jump
18  (Forever 21's vendor) until <u>after</u> the hearing on this matter.  *Id.* at ¶ 4.  And
19  Plaintiff has refused to propound any written discovery (as suggested on November
20  11 and 22) targeted at Mrs. Chang's involvement.  *Id.* at ¶ 5.  Moreover, Plaintiff
21  continues to remain silent on the basis for its counsel's offensive reference to Mrs.
22  Chang as "Gin Cheng".  *Id.* at ¶ 6.  Tellingly, although Hildy's counsel claims that this
23  is a supposed alias used by Mrs. Chang, it has refused to identify the source of this

---

[1] *See also Affinity Labs of Tex. v. Apple, Inc.*, 2011 U.S. Dist. Lexis 53649, * 8 (N.D.Cal. May 9, 2011) (prohibiting deposition of Steve Jobs even though he had made 18 statements regarding patented technology); *In re TFT-LCD Antitrust Litig.*, 2011 U.S. Dist. Lexis 85608, *18 (N.D.Cal. Aug. 1, 2011) (prohibiting deposition although executive quoted in the press about case); *Celerity, Inc. v. Ultra Clean Holding, Inc.*, 2007 U.S. Dist Lexis 8295, *8 (N.D. Cal. Jan. 25, 2007) (prohibiting deposition even though executive had "personal knowledge regarding the valuation of Celerity's intellectual property").

absurd claim. *Id.*

### D. Hildy's "Business Model" Argument Is Baseless and Irrelevant

Plaintiff's claim that Mrs. Chang's deposition is necessary to prove Forever 21's supposed "business model" fails for several independent reasons.  <u>First</u>, evidence of willfulness is irrelevant because Plaintiff failed to timely register its copyright. *See, infra*, Section II.E. <u>Second</u>, Plaintiff hurls gratuitous accusations against Mrs. Chang that are found nowhere in the SAC, to which she is not a party. *Cf.* JS, at pg. 4:3-5 with TAC. <u>Third</u>, Plaintiff asserts a theory that it knows (based on its counsel's substantial prior litigation against Forever 21) to be false. Supp. Martinez Decl., at ¶ 7, Exh. A. Plaintiff accuses Forever 21 of purchasing competing products and then directing manufacturers to produce infringing products. JS, at p. 3:25-26. Forever 21's verified interrogatory responses show that Forever 21 acquires finished garments from third-party vendors and sells those garments in its retail stores. *Id.*, at ¶ 8. And Plaintiff knew so before filing this action, as the SAC admits that Forever 21 "obtained the Accused Product from [its vendor] Jump, and Jump obtained the textiles … from BNA." SAC, at ¶ 16.

### E. The *Express* and *Anthropology* Cases Are Irrelevant

Predictably, Plaintiff points to two prior cases where Mrs. Chang was compelled to testify. These cased do not "mirror" this litigation. JS, at pg. 5:18. Just the opposite – they are radically different. Both *Express* and *Anthropology* turned on the fact that: (1) Mrs. Chang (and Mr. Chang) were defendants; (2) the discovery related to allegations made specifically against them; and (3) plaintiffs either sought statutory damages or alleged trademark infringement claims, for which willfulness was at issue. *See* Yeh Decl., at Exh. 2, pgs. 7-8; Exh. 3, at pg. 10.

Conversely, Hildy (who is the master of its complaint), did not name Mrs. Chang and has asserted no claims or allegations against her. Morever, unlike *Express* and *Anthropology*, Plaintiff here failed to register her copyright until after the allegedly infringing conduct, and thus is not entitled to (and does not) assert

1  any claim for statutory damages where the question of willfulness might be
2  relevant. *See*, *e.g.*, 17 U.S.C. § 504(c) (authorizing a five fold increase in statutory
3  damages if defendant's conduct was willful); cf. 17 U.S.C. § 504(b) (allowing
4  recovery of actual damages and profits irrespective of whether conduct was willful
5  or innocent); 17 U.S.C. § 412(2) (in order to recover statutory damages, the
6  copyrighted work must have been registered prior to commencement of the
7  infringement); SAC, at Prayer, at ¶ 1 (asserting no claim for statutory damages). [2]

   **F.  Plaintiff Misstates The Standard For A Protective Order; and In Any Event, The Burden On Mrs. Chang and Forever 21 Is Palpable**

10  "[B]urden" is just one of many bases for issuance of a protective order. Fed.
11  R. Civ. P. 26(b)(1)(c)(protective order warranted where "(i) the discovery sought is
12  unreasonably cumulative or duplicative, or can be obtained from some other
13  source *that is more convenient, less burdensome, or less expensive*." [emphasis
14  added]). In any event, Plaintiff's implied argument that Forever 21's founders must
15  be deposed in all lawsuits illustrates the burden it seeks to impose. Indeed, Courts
16  hold that the depositions of top executives are unduly burdensome, where as here,
17  the executive possesses no unique knowledge or the information is available
18  through less intrusive means. *See Abarca*, *supra*, at *33.

   **G.  Plaintiff's "Dilatory Tactic" Argument Is Meritless**

20  Plaintiff's "dilatory tactic" argument is baseless, as Forever 21 has timely
21  served initial disclosures, responded to extensive discovery, and produced its
22  documents and a witness for deposition. *See* Supp. Martinez Decl., at ¶ 9.

---

[2] The plain language of Section 504(b) indicates that profits calculations is a strictly economic one, irrespective of willfulness. S*ee*, *e.g.*, 17 U.S.C. § 504(c); *Sheldon v. Metro-Goldwyn Pictures Corp.*, 309 U.S. 390, 399 (1940) (rejecting argument that willfulness is relevant to profits calculation: "That would be not to do equity but to inflict an unauthorized penalty."); *ZZ Top v. Chrysler Corp.*, 70 F. Supp. 2d 1167, 1169 (W.D. Wash. 1999) (willfulness irrelevant to gross profits deductions: "The Ninth Circuit has not [] required the preclusion of an overhead deduction where the infringement was intentional or considered the appropriateness of such a rule in light of the provisions of the 1976 Act."); GOLDSTEIN ON COPYRIGHT, at § 14.1.2(d) (3d Ed. 2011) ("[i]f willfulness is to be penalized [under the 1976 Act], statutory damages represents the appropriate route.").

ROBINS, KAPLAN, MILLER & CIRESI L.L.P.
ATTORNEYS AT LAW
LOS ANGELES

| | | |
|---|---|---|
| 1 | | |
| 2 | Dated: December 20, 2011 | **ROBINS, KAPLAN, MILLER & CIRESI L.L.P.** |
| 3 | | By:  /s/ David Martinez |
| 4 | |       David Martinez |
| 5 | | Attorneys for Defendants<br>FOREVER 21, INC. and FOREVER 21 RETAIL, INC. |